**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RALPHAEL OKORO

       Petitioner,

v.                                        Case No. 07-13756

VINCENT CLAUSEN, Detroit Field Office    Honorable Arthur J. Tarnow
Director, Bureau of Immigration and        United States District Judge
Customs Enforcement,

       Respondent.
_____/

## ORDER GRANTING MOTION TO VACATE STAY OF REMOVAL [17] AND DENYING PETITION FOR HABEAS CORPUS [1] AS WELL AS OTHER MOTIONS [13, 15, 16, 19, 21]

On September 6, 2007, Ralphael Okoro, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The government responded and petitioner replied. This court assumed jurisdiction over the case and stayed Okoro's deportation under 28 U.S.C. § 1651. The government later filed a motion to vacate the stay of removal, and petitioner responded.

Petitioner is a lawful permanent resident. He had been placed in removal proceedings in 2007 because of federal drug trafficking convictions. The Seventh Circuit affirmed those convictions.

Okoro's habeas petition asks this Court to enjoin ICE from removing him pending the outcome of a civil suit before Judge Borman, 05-70269, and a related appeal before the Sixth Circuit, 06-1816.

The government is correct that this Court does not have jurisdiction to enjoin the commencement of removal proceedings. *See* 8 U.S.C. § 1252(g) ("no court shall have jurisdiction to hear any cause or claim . . . arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders, against any alien under this chapter.").

Since the time that Okoro filed the instant habeas petition, Immigration Judge Elizabeth Hacker issued an order of removal on November 6, 2007. If Okoro seeks judicial review of that order, a habeas petition before this Court is not the proper vehicle. For this reason, it is irrelevant whether Okoro's pending suits concern his underlying criminal convictions, because such suits would inevitably challenge petitioner's removability.

Rather, Okoro would have to appeal the immigration judge's order to the Board of Immigration Appeals. From Okoro's January 18, 2008 letter, the Court understands that the BIA affirmed the immigration judge's order of removal. Even then, a habeas petition in this Court would only be viable if it challenged merely the fact or conditions of detention while the order of removal was being reviewed. *See Hernandez v. Gonzales*, 424 F.3d 42 (1st Cir. 2005) (citing 8 U.S.C. § 1252(a)(5)); *see also Kellici v. Gonzales*, 472 F.3d 416, 418 (6th Cir. 2006). Any challenge to the underlying removability of the alien can only proceed through a petition for review with the U.S. circuit courts of appeals. *See* 8 U.S.C. 1252(a)(5) ("[n]othwithstanding any other provision of law (statutory or non-statutory), . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the *sole and exclusive means for judicial review of an order of removal . . .*") (emphasis added). Therefore, this Court cannot vacate the BIA's "unintelligent 1-14-08 decision 'without opinion.'" Okoro Letter Dated January 18, 2008 at 1, ¶ 1.

Okoro does not challenge his detention pending the outcome of judicial review of the order of removal, though. Although he states that his legal papers have been illegally withheld from him, the Court does not understand this to be Okoro's stated basis for his habeas petition. If Okoro wants to file a habeas petition in this Court challenging the conditions of his detention, such as the withholding of his legal papers from him, without contesting the fact that he is removable, he may do so. The Court believes that Okoro's complaints about the nature of his confinement are ancillary to his real concern: that he will be removed.

Because this court does not have jurisdiction over Okoro's petition, his other motions are denied as well. This includes his

- Letter requesting consideration of supplemental authority (docket entry 7). Okoro asks the Court to consider a couple of cases that he thinks would permit the Court to take jurisdiction over claims asking for injunctive relief. However, the cases he cites were decided before the jurisdiction-stripping provisions of the Real ID Act became effective in 2005.
- Letter dated October 11, 2007 asking the Court to declare the deportation proceeding unconstitutional (docket entry 11). Okoro says that Immigration Judge Hacker decided his motion objecting to his deportation without receiving his reply to the government's response. But any argument about the removal proceeding's failure to accord Okoro due process of law goes to the substance of Okoro's removability and is not properly before this Court.
- Emergency Motion to issue warrant (docket entry 13). In this motion, petitioner asks the Court to issue an arrest warrant against the respondent, the immigration judge, the magistrate judge in Judge Borman's case, and the assistant U.S. attorney defending the habeas petition. Okoro states that the immigration judge commenced removal proceedings and that the magistrate judge in his pending civil suit failed to enjoin the commencement of those proceedings, contravening this Court's stay of deportation. But this Court never said that removal proceedings could not be initiated against Okoro, and it never had the authority to do so. The Court had only stayed Okoro's actual removal.
- The same analysis applies to the letter dated October 18, 2007 (docket entry 12). Petitioner asks the Court to incarcerate Immigration Judge Hacker and the Assistant U.S. Attorney defending the habeas petition for commencing removal proceedings.
- Motion to introduce newly discovered evidence (docket entry 15). In this motion, Okoro argues that there is new evidence that shows that his underlying drug convictions were

prosecuted improperly. In particular, Okoro presents an affidavit by Drug Enforcement Agency agent, which petitioner alleges was fabricated as part of a conspiracy of corrupt police officers. Again, these arguments attempt to undermine the basis of his removability, but this Court is without jurisdiction to entertain such a challenge.

- Motion to compel respondent to produce/secure petitioner's permanent resident card, Nigerian passport, driver's license and state ID (docket entry 16). Okoro alleges that corrupt police officers stole some of these items, along with a substantial amount of money, while he was being arrested on the underlying drug offenses. Once again, if Okoro merely wants these items back, he can file a habeas petition asking for that relief, but he may not attempt to present evidence undermining his drug convictions before this Court.

- Motion to vacate order of deportation (docket entry 19). Okoro filed this motion after Immigration Judge Hacker entered the removal order in November, 2007. He attacks Judge Hacker for refusing to consider his argument that he is innocent of the crimes for which he was convicted. But this Court cannot consider such an argument either.

- Motion pursuant to the Eighth Amendment (docket entry 21). Here, Okoro protests the several jail transfers he has undergone, as well as the poor quality of the food, "food no man in his right mind would feed a dog." Mot. at 2. He also says that the MRSA bacteria is rampant in his current jail, and that his cellmate is infected. Okoro asks to be placed in a federal prison. This is the sort of challenge that this Court can properly consider. Okoro may present a habeas petition making this argument as long as he makes clear that he is not contesting the fact that he can be removed.

- So also may Okoro's September 24, 2007 letter (docket entry 8) be considered in another habeas petition. In that letter, Okoro alleges that Monroe County jail guards were withholding his legal mail and had used "barbaric obscenities" and "threatened to 'fuck'

*Okoro v. Clausen*
07-13756

[him] up" when Okoro told them that he had informed this Court about his inability to get legal mail.

- Okoro's allegations in a letter dated September 21, 2007 (docket entry 9) could also be a basis for another habeas petition. He complains of jail guards obstructing his mail and asks the Court to order the jail to provide him with materials and access to facilities, like a photocopier and law library, to pursue his litigation.
- Okoro's most recent allegations from his January 18, 2008 letter that his legal mail is obstructed and that his jailers turn the temperature in his cell so that it is inhumanely cold are also properly considered in another habeas petition.

Therefore, the Court GRANTS the government's motion to vacate the stay of removal and DENIES the habeas petition as well as Okoro's remaining motions without prejudice to the filing of a habeas petition that challenges only the conditions of his detention.

**IT IS SO ORDERED.**

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: January 30, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 30, 2008, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager